UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. GRACE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:11CV00067 AGF |
| ) | |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner William J. Grace for a writ of habeas corpus pursuant to 28 U.S.C. ' 2254. Petitioner pled guilty in Missouri state court to statutory rape in the first degree, statutory sodomy in the first degree, and recklessly exposing another to HIV. He was sentenced to concurrent terms of imprisonment of 25 years, 25 years, and 15 years, respectively. Petitioner asserts the following grounds for federal habeas relief:[1]

1. The trial court was prejudiced against Petitioner in sentencing him to harsher sentences than other defendants who had been convicted of similar crimes (Doc. Nos. 1 and 6);

2. The State declined to prosecute him on the lesser charge of child molestation so that he would get a more severe punishment (Doc. No. 1);

3. The State referred to an uncharged crime from 1997 (at the sentencing hearings) (Doc. No. 6);

4. Petitioner received an improperly enhanced sentence because the State indicated but did not prove beyond a reasonable doubt that he was a persistent offender, even though he had never been in the Missouri prison system before (Doc. No. 6);

---

1. Petitioner seeks relief through three separate filings which the Court will take together as constituting the entirety of the petition: Docket entries No. 1, No. 6., and No. 8.

5. Petitioner was denied his right to an evidentiary hearing in the state post-conviction proceedings (Doc. No. 6);

6. Petitioner's plea counsel coerced Petitioner into pleading guilty by telling Petitioner that if he proceeded to trial, the court would sentence him to 100 years in prison (Doc. No. 6); and

7. Petitioner has engaged in rehabilitative activities and is living with a serious and deadly disease and should therefore receive a reduced sentence. (Doc. No. 8.)

Respondent argues that habeas relief should be denied because Petitioner procedurally defaulted on all claims except the claim that his plea was coerced, and the state courts' adjudication of that remaining claim was reasonable. For the reasons set forth below, federal habeas relief will be denied.

## BACKGROUND

**Charges and Guilty Plea Hearing**

On October 9, 2007, Petitioner was charged by substitute information with the crimes of conviction, as well as with child molestation. The substitute information states that Defendant was a prior and persistent offender, subject to an extended term of imprisonment, based on two guilty pleas in Illinois state court, one in 1993 and one in 1994, for possession of drugs with the intent to distribute. (Resp. Ex. A at 16-18.) Also on October 9, 2007, the State dismissed the child molestation charge.

Trial commenced on October 10, 2007. When counsel were beginning to make their peremptory challenges, counsel for Petitioner informed the court that Petitioner wished to plead guilty to the three remaining charges, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 38 (1970), meaning that he would plead guilty without an admission of guilt. Out of the

2

hearing of the venirepanel, Petitioner testified that he believed it was in his best interest to plead guilty. Petitioner testified that he was not pleading pursuant to a plea bargain, and wanted the court to determine the sentence. He testified that no promise had been made to him as to what the court's sentencing decision would be and that he understood that after he pled guilty, he could not take back his plea if he did not like the sentence that he received. Petitioner admitted to pleading guilty in the past in Illinois to a drug charge.

At the court's request, the State described the evidence it would present if Petitioner proceeded to trial. The State testified that the evidence would show that between September 2003 and November 2005, Petitioner had sexual intercourse with a girl under the age of 14, had deviant sexual intercourse with her, and knowingly exposed her to HIV. Specifically, the victim would testify that when she was eight years old, while in the laundry room with Petitioner, he pulled down her pants, touched her genitals, partially penetrated her genitals with his penis, and ejaculated. The State testified that DNA seized from the victim's underpants matched Petitioner's DNA, and that Petitioner knew he had HIV at the time.

The court then asked Petitioner if he believed there was a substantial likelihood that the jury would find him guilty based on this evidence. Petitioner stated that he did not know and the court stated that if Petitioner did not know, he should probably go to trial, and asked Petitioner why he wished to plead guilty. Petitioner stated that he did not want to receive life imprisonment. The court reminded Petitioner that no promises had been made to him and that even if he pleaded guilty, he could still be sentenced to life in prison. After Petitioner responded that he did not know why it would be better to plead guilty than go to trial, the court stated there was no basis for the court to accept a guilty plea if Petitioner did not believe there

3

was a substantial risk of a worse outcome from a jury trial than from a plea. Petitioner's counsel requested and was granted the opportunity to speak to Petitioner.

After an off-the-record discussion with his counsel, Petitioner testified that he was confused by the court's earlier questions. Petitioner's counsel suggested that Petitioner was confused by the language, "substantial likelihood," and suggested saying "more likely than not that he'd be found guilty." Petitioner testified that he believed he would receive a better result from pleading guilty than from having a jury trial. He stated that he understood that if, at trial, the State proved he was a prior offender and the jury found him guilty, the judge would still determine the sentence. Petitioner again testified that he believed it was better for him to not have a trial. He confirmed that no promises had been made to him as to what his sentence would be. Petitioner testified that he believed there was enough evidence from which a jury could find him guilty, even though he denied the charges.

The State and Petitioner's counsel agreed that the sentencing range for each crime was from a minimum of five years to a maximum of life for the statutory rape and statutory sodomy, and as a prior and persistent offender, to a maximum of 30 years for the reckless exposing. Petitioner testified that he understood the ranges of punishment. Petitioner also testified that no one had promised him that he would be eligible for parole after a particular amount of years and that he understood that the Department of Corrections would decide if and when he were eligible for parole.

Petitioner testified that he had voluntarily changed his mind about going to trial and that no one had threatened, intimidated, or mistreated him or anyone in his family in order to force him to plead guilty. He testified that he understood that he could still go to trial and had a

right to testify or to not testify. Petitioner testified that his plea counsel had answered all of his questions and done what Petitioner had asked him to do and that he had no criticisms or complaints about counsel's service.

The court accepted Petitioner's pleas of guilty, finding that there was a factual basis for each count and that Petitioner's guilty pleas were voluntarily and intelligently made with a full understanding of the charges and consequences of pleading guilty. The court ordered a sentencing assessment report and set a sentencing hearing for November 30, 2007. (Resp. Ex. A at 20-26.)

**Sentencing Hearing**

At the sentencing hearing on November 30, 2007, the victim's mother testified that her daughter still considered Petitioner her father, was now doing well in school, and did not contract HIV. The State noted that the pretrial recommendation was for a 25 year sentence, but that the State was asking for concurrent terms of life in prison on the rape and sodomy charges, because Petitioner was a persistent offender with a previous arrest for rape, and because of the egregious nature of the current crimes which occurred over a period of time as charged. The State noted that Petitioner did not accept responsibility, having entered an Alford plea, and that, based on some behavioral risks noted in the sentencing assessment report, he needed to be monitored for life. The State asked for a concurrent sentence of 15 years on the reckless exposing charge.

Petitioner's counsel argued for the minimum sentence because Petitioner was in very bad health, such that any significant sentence would in effect be a life sentence. Counsel also pointed out that Petitioner had no convictions within the previous decade, that the sentencing

5

assessment report noted aggressive not sexual behavioral risks and deducted points from Petitioner's risk assessment because he was unemployed without considering that his unemployment was due to his disabilities.

Petitioner testified that he was not guilty of the rape charge, noting that he had raised the victim since she was a baby. When the trial court asked for an explanation of why his DNA was found on the victim's underwear, Petitioner testified that both his and the victim's clothing had been in the laundry room and his DNA could have transferred from his boxers to her underwear. Petitioner's counsel testified that Petitioner's "innocent transfer" theory would have been his argument at trial, but that he did not think "the jury was going to buy that." (Resp. Ex. A at 28.)

The court noted a reference in the sentencing assessment report that Petitioner told a probation officer that he pleaded guilty because he believed that if a jury found him guilty he would be sentenced to 100 years. Petitioner confirmed that he said that to the probation officer. The court sentenced Petitioner as noted above – to concurrent terms of 25 years, 25 years, and 15 years, in accordance with the pretrial recommendation. The court also made a finding that there was no probable cause to believe there has been ineffective assistance of counsel. On the judgment form, the court checked the box indicating that Petitioner had been found beyond a reasonable doubt to be a persistent offender under state law. (Resp. Ex. A at 31.)

**State Post-Conviction Proceedings**

In a pro se motion for post-conviction relief, Petitioner claimed ineffective assistance of plea counsel, stating that counsel told Petitioner his case was going to get dismissed; did not

speak on Petitioner's behalf resulting in Petitioner being sentenced for a crime that was not in his police report; did not tell Petitioner of a proposed plea bargain by the State; and failed to object to evidence or arguments presented by the State. (Resp. Ex. A at 36-41.)

In an amended motion prepared with the assistance of appointed counsel, Petitioner argued that his sentences erroneously reflected that he was a persistent offender, a matter on which the State did not present proof beyond a reasonable doubt and on which the court made no finding at the plea or sentencing hearings. Petitioner further asserted that the erroneous designation as a persistent offender would have ramifications within the Department of Corrections.

Petitioner also claimed that his guilty plea was involuntary and his plea counsel was ineffective by pressuring him to enter a guilty plea the day of trial by telling him that after a jury trial, he would receive a 100-year sentence. Petitioner asserted that he wanted to go to trial, but felt plea counsel was trying to get rid of the case. Petitioner requested an evidentiary hearing on this claim. (Resp. Ex. A at 49-59.)

The motion court first denied the request for an evidentiary hearing, stating that to be entitled to such a hearing, a petitioner must plead facts, not conclusions, which were not refuted by the record, and which if true would entitle the petitioner to relief, which was not the case here. But the motion court found that there was an error in the judgment form in improperly indicating that Petitioner was found to be a persistent offender. Because Petitioner's sentences were within the ranges of punishments without the persistent offender enhancement, the motion court did not change Petitioner's sentences but did strike the persistent offender designation from Petitioner's judgment form.

7

Lastly, the motion court rejected Petitioner's claim that his guilty pleas were involuntary because of ineffective assistance of plea counsel. The trial court found that Petitioner's claims of unreasonable pressure by plea counsel were refuted by the record, in that Petitioner testified that his pleas were not the result of any threats or coercion, and that he understood he could receive a life sentence even after pleading guilty.

Petitioner only raised one claim on appeal from the denial of post-conviction relief: that the state court clearly erred in denying his request for an evidentiary hearing on the issue of whether plea counsel was ineffective by pressuring him to plead guilty. According to Petitioner, he had pleaded facts that were not conclusively refuted by the record, and that would warrant relief if proven to be true. (Resp. Ex. C.)

In affirming the denial of post-conviction relief, the Missouri Court of Appeals agreed with the motion court that Petitioner's pleaded facts regarding the voluntariness of his plea were refuted by the record because Petitioner testified that no one had threatened or intimidated him; he understood both his trial rights and the possible ranges of punishment for pleading; and he believed a guilty plea was in his best interest. The appellate court noted that the trial court initially rejected Petitioner's guilty plea and accepted it only after confirming that it was made knowingly and voluntarily. (Resp. Ex. E.)

**Federal Habeas Petition**

For federal habeas relief, Petitioner raises the six claims listed above. Respondent argues that all claims except the claim that his plea counsel coerced him into pleading guilty, were procedurally defaulted because they were either not raised in the post-conviction motion or on appeal from its denial, and Petitioner does not assert any grounds to excuse the default.

8

## DISCUSSION

### Procedural Bar

"Ordinarily, a federal court reviewing a state conviction in a [federal habeas corpus] proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (citation omitted). For Missouri prisoners, claims not raised on appeal from the denial of a post-conviction motion are procedurally defaulted. *Moore-El v. Luebbers*, 446 F.3d 890, 897-98 (8th Cir. 2006).

A state prisoner, however, "may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). "[A]ttorney errors in initial-review collateral proceedings may qualify as cause for a procedural default." *Id*. But ineffective assistance of counsel in not raising a claim on appeal from the denial of post-conviction relief does not constitute cause. *Id*. at 1316-17.

Here, Petitioner does not assert any basis for excusing his procedural default. As noted above, the only claim raised on appeal from the denial of post-relief by the state court involved the claim that plea counsel rendered ineffective assistance in coercing Petitioner to plead guilty, with the result that the plea was involuntary. Thus, this is the only claim ripe for review on the merits.

**Standard of Review**

Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that application for a writ of habeas corpus cannot be granted unless the state court's adjudication

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

The "contrary to" clause is satisfied if a state court has arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent but arrives at the opposite result. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *see also Linehan v. Milczark*, 315 F.3d 920, 924 (8th Cir. 2003).

Here, the state courts' determination that the record contradicted Petitioner's claim that plea counsel coerced him to plead guilty and that, as a result, his plea was not voluntary is fully supported by facts and does not contravene or unreasonably apply clearly established Supreme Court precedent. Petitioner's sworn statements at the plea hearing regarding the voluntariness of his guilty plea and his satisfaction with counsel cannot be reconciled with his

claim that he was coerced by counsel into pleading guilty. *See Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (affirming dismissal of habeas claim that plea was involuntary where the petitioner testified at the plea hearing that plea was voluntary; "Solemn declarations in open court carry a strong presumption of verity.") (citation omitted); *Barnes v. Dormire*, No. 4:10CV0443 JAR, 2013 WL 530907, at *6 (E.D. Mo. Feb. 12, 2013) (same); *see also Weeks v. Bowersox*, 119 F.3d 1342, 1352 n. 10 (8th Cir. 1997) (explaining that § 2254's mandated deference to state court findings "is particularly proper" with regard to a finding of voluntariness of a guilty plea "in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that more often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.") (citation omitted).

## **CONCLUSION**

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court=s assessment of Petitioner=s claims for habeas relief debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. '2253(c). *See Miller-El v. Cockrell,* 537 U.S. 322, 338 (2003) (standard for issuing a Certificate of Appealability) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of William J. Grace for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not be issued in this case.

A separate Judgment shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2014.